# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2413-15T4

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANANCY,

    Plaintiff-Respondent,

v.

D.M.,

    Defendant-Appellant,

and

D.M., S.N., and E.A.,

    Defendants.

_____

IN THE MATTER OF
D.M., D.N., and A.A.,

    minors.

_____

Submitted May 9, 2017 — Decided  May 18, 2017

Before Judges Reisner and Mayer.

On appeal from the Superior Court of New
Jersey, Chancery Division, Family Part, Camden
County, Docket No. FN-04-248-15.

Joseph E. Krakora, Public Defender, attorney for appellant (Kimmo Z. H. Abbasi, Designated Counsel, on the brief).

Christopher S. Porrino, Attorney General, attorney for respondent (Melissa Dutton-Schaffer, Assistant Attorney General, of counsel; William T. Harvey, Jr., Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor A.A. (Nancy P. Fratz, Assistant Deputy Public Defender, on the brief).

PER CURIAM

Defendant D.M. appeals from a March 6, 2015 fact finding order determining that she abused or neglected her twelve-year-old daughter A.A., by inflicting excessive corporal punishment. See N.J.S.A. 9:6-8.21(c)(4) (defining an abused or neglected child as including a child subjected to excessive corporal punishment). We affirm, substantially for the reasons stated by Judge Angelo J. DiCamillo, in his oral opinion placed on the record on March 6, 2015.

The facts can be stated briefly. The Division presented evidence that during an altercation with her daughter, defendant put her knees on the child's chest, put her hands around the child's neck, and tried to strangle her. Thereafter, the daughter was taken to the hospital for evaluation, including a CT scan. As part of its evidence, the Division presented the child's hearsay

statement. The statement was corroborated by testimony from a case worker, who met the daughter at the hospital and photographed the bruises and red marks on the child's neck and face, and the bumps and swelling around her face. See N.J.S.A. 9:6-8.46(a)(4) (permitting the admission of a child's corroborated hearsay statements in a Title 9 case). The Division introduced the photographs in evidence. At the hearing, defendant did not testify, and she did not contest that the "incident" occurred. Rather, through counsel, she claimed the incident did not rise "to the level of excessive" corporal punishment.

Judge DiCamillo found that the alleged assault occurred and that it constituted excessive corporal punishment. Contrary to defendant's argument on this appeal, we find that Judge DiCamillo's decision is supported by substantial credible evidence. R. 2:11-3(e)(1)(A). Defendant's appellate contentions are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION